# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ANA LISA RICKS,

    Petitioner,

    -vs-

GININE TRIM, Warden,
 Ohio Reformatory for Women,

    Respondent.

:    Case No. 3:11-cv-240

:    District Judge Walter Herbert Rice
    Magistrate Judge Michael R. Merz

:

## CORRECTION TO ORIGINAL REPORT AND RECOMMENDATIONS; SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner Ana Ricks' Objections (Doc. Nos. 19, 20) to the Magistrate Judge's Report and Recommendations (Doc. No. 17) recommending dismissal of the case as barred by the statute of limitations. Judge Rice has recommitted the Petition for consideration of the Objections (Doc. No. 21).

At the outset the Magistrate Judge corrects the typographical mistake in the original Report and Recommendations at PageID 682. The Report reads that Mr. Liles, Petitioner's attorney at trial and on direct appeal, applied for a fee award on June 8, 2003. Ms. Ricks is correct that the date should read June 8, 1983, and it is hereby corrected.

1. **Statute of Limitations/Procedural Default Ruling**

Ms. Ricks first objects to what she calls a "procedural default ruling" (Objections, Doc.

1

No. 19, PageID 691.) The Warden raised a statute of limitations defense which the Report found well taken. The Report calculated the statute of limitations on any claims related to her original conviction as expiring April 24, 1997, one year after the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), was enacted. Although Ms. Ricks' conviction was affirmed in 1983, there was no statute of limitations in place then. Persons who were in custody on April 24, 1996, were given a one-year grace period from that date. *Brown v. O'Dea,* 183 F.3d 572 (6th Cir. 1999). As the Report notes, the Petition here was not filed until more than fourteen years later, far too late to be excused by any defective performance by het attorney (R&R, Doc. No. 17, PageID 686).

The Report found the Warden's alternative procedural default defense well taken as well. As to any claims made on direct appeal which Ms. Ricks now asserts, they were never presented to the Ohio Supreme Court. Ms. Ricks conflates her procedural default argument with her objection to the statute of limitations ruling. She again asserts this is excused by her attorney's not advising her that the conviction was affirmed by the court of appeals. Had she been diligent in pursuing her case, she would have learned of the affirmance sometime within a year or two of its occurrence. This Court has seen occasions where appellate attorneys have failed to timely advise their clients of an affirmance, making a timely appeal to the Ohio Supreme Court impossible. Not infrequently the Ohio Supreme Court will allow a delayed appeal in those circumstances. But not after a delay of more than twenty years. Ms. Ricks' procedural default consists not in the fact she did not timely file an appeal, but that she never did.

Entirely apart from whether her claims about her original conviction are barred by the statute of limitations, the Report also concludes her claims related to her present conviction are barred by the statute of limitations. She was arrested on the warrant to convey in January, 2007.

2

She knew at that time that her incarceration had been postponed for almost twenty-four years, so her due process claim relating to the delay arose, at the latest, at the time of her 2007 arrest. As the Report notes, she was received at Marysville on February 12, 2007. Treating that as the last possible date when the claim arose, the statute expired a year later on February 13, 2008. Her habeas corpus petition was not filed in this Court until July 14, 2011, more than three years later. None of that delay can be blamed on Mr. Liles who was no longer her attorney and who in fact was deceased.

**2.     Actual Innocence**

Ms. Ricks claims that the "constitutional error" of her attorney's ineffective assistance "is a gateway to prove her actual innocence when exculpatory evidence can be presented and brought forth." (Objections, Doc. No. 19, PageID 691.) She asserts that somehow her attorney's ineffectiveness impeded her from proving her actual innocence until now.

The only evidence of actual innocence to which she adverts is the conjectured testimony of her mother, Jean Castillo. Ms. Castillo was present when the shooting happened and apparently told Dayton Police Detective Jack Lipker that an unidentified male was the shooter, according to cross-examination of Lipker at trial. But Ms. Ricks presents no actual testimony from her mother in affidavit form. Nor does she offer any excuse for her mother's absence from the trial or why she waited almost thirty years to assert that her mother could give exonerating testimony.

Moreover, Ms. Ricks has the actual innocence doctrine upside down. It is not the case that a constitutional error such as ineffective assistance of counsel provides the "gateway" to show actual innocence. Rather, a showing of actual innocence can be used to excuse a procedural

3

default in raising other constitutional claims.

In *Murray v. Carrier,* 477 U.S. 478 (1986), the Supreme Court recognized an exception to the cause and prejudice requirement for a petitioner who could demonstrate actual innocence. "A prototypical example of actual innocence in a colloquial sense is the case where the State has convicted the wrong person of the crime." *Sawyer v. Whitley,* 505 U.S. 333 (1992). To come within the actual innocence exception to the required showing of cause and prejudice, a habeas petitioner show that a constitutional violation has probably resulted in the conviction of one who is actually innocent. That is, the petitioner must show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt' in the light of the new evidence he or she is tendering. *Schlup v. Delo*, 513 U.S. 298 (1995), adopting standard from *Murray v. Carrier*, 477 U.S. 478 (1986). The Sixth Circuit applies *Schlup* to determine whether a habeas applicant has made a cognizable claim of actual innocence, *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007).

The question is whether the petitioner presents evidence of innocence "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." The trial courts will be able to resolve the great majority of actual innocence claims routinely without any evidentiary hearing. *Schlup, supra*. "Habeas Corpus and Actual Innocence" (Case Note on *Herrera v. Collins*, 506 U.S. 390 (1993) - 107 Harv. L. Rev. 273 (1993). "[A] claim of actual innocence must be more than simply "colorable" to invoke the *Schlup* gateway." *Pudelski v. Wilson*, 576 F.3d 595, 606 n. 2 (6th Cir. Ohio 2009)(Holschuh, D.J., sitting by designation). A claim of actual innocence alone is insufficient to warrant habeas relief. *Herrera v. Collins*, 506 U.S. 390 (1993).

If Ms. Ricks believes she has persuasive evidence of actual innocence and she wishes to rely

on that evidence to obtain her release, she must first present that evidence to the Common Pleas Court in a delayed motion for new trial.

3.  **Ohio Constitutional Claim**

Ms. Ricks' Fourth Ground for Relief is that Article I, § 10 of the Ohio Constitution prohibits the excessive delay in incarceration to which she was subjected. The Report recommends dismissing this Ground without prejudice because it does not state a claim cognizable in federal habeas corpus; our courts are limited to considering **federal** constitutional claims. (Report, Doc. No. 17, PageID 687.).

Ms. Ricks objects that "The Ohio Constitution is equivalent to the federal constitution under the 14th Amendment Due Process Laws [sic], and fundamental rights of its citizens." (Objections, Doc. No. 19, PageID 694.) However, the question is not whether the rights are "equivalent," but which court has authority to enforce those rights. As noted in the Report, federal habeas authority is limited to federal constitutional violations. 28 U.S.C. §2254(a); *Wilson v. Corcoran*, 562 U.S. ___, 131 S. Ct. 13 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida*, 463 U.S. 939 (1983).

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that the Petition be dismissed with prejudice, except for Ground Four which should be dismissed without prejudice as noncognizable. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and this Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to *proceed in forma pauperis.*

July 6, 2012.

                     s/ *Michael R. Merz*
                     United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).