# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ANA LISA RICKS,

:

          Petitioner,                                      Case No. 3:11-cv-240

:                     District Judge Walter Herbert Rice

          -vs-                                     Magistrate Judge Michael R. Merz

GININE TRIM, Warden,
 Ohio Reformatory for Women,

:

          Respondent.

---

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This habeas corpus case is before the Court on Petitioner Ana Ricks' Objections (Doc. Nos. 19, 20) to the Magistrate Judge's Report and Recommendations (Doc. No. 17) recommending dismissal of the case as barred by the statute of limitations. Judge Rice has recommitted the Petition for consideration of the Objections (Doc. No. 21).

On June 28, 2012, Ms. Ricks requested and received an extension of time to supplement her Objections (Doc. No. 18). Although the extension was until July 12, 2012, Ms. Ricks filed a supplement on July 5, 2012 (Doc. No. 20). The Magistrate Judge assumed this was all Ms. Ricks intended to file because it was labeled "Conclusion." *Id.* at PageID 696; Ms. Ricks did not inform the Court that she intended further filings. Based on that assumed completion, the Magistrate Judge filed a Supplemental Report and Recommendations on July 6, 2012 (Doc. No. 22). However, Ms. Ricks has now filed further supplemental materials (Doc. No. 23) which are analyzed below.

**Issues 3 and 4:**

In her third and fourth issues, Ms. Ricks addresses the Magistrate Judge's conclusion that she procedurally defaulted her claims relating to her original conviction by never appealing to the Ohio Supreme Court. She attempts to excuse this by blaming it on the ineffective assistance of her appellate attorney. In the Supplemental Report and Recommendations, the Magistrate Judge noted that this ineffectiveness might excuse a year or even two years delay, but it would not excuse **never** filing for delayed appeal. No further analysis is warranted on these points.

**Objection to Magistrate Mertz [sic] Analysis to Claims Relating to Original Conviction**

The Respondent raised both a statute of limitations and a procedural default defense in the Return of Writ. The Magistrate Judge's original Report focused on the limitations issue, but concluded in the alternative that "all claims made on direct appeal but not pursued to the Ohio Supreme Court and now brought to challenge the original conviction are barred by procedural default in not presenting them to that court." (Report, Doc. No. 17, PageID 686.)

Petitioner now asserts that the Court has not addressed the "malfeasance of her attorney, Liles." (Supplement, Doc. No. 23, PageID 712.) So that the Magistrate Judge's analysis is clear, it is here set out at length: The Court assumes the truth of Petitioner's assertion that Mr. Liles never told her that the Court of Appeals had affirmed her conviction. In failing to do so, he performed below required professional standards. She claims that had he informed her she would have appealed to the Ohio Supreme Court and there is a reasonable probability that the outcome of her case would have been different. *Id*. .

The procedural default defense in habeas corpus is described by the Supreme Court as

follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones,* 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright,* 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963). *Coleman,* 501 U.S. at 724.

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U. S. 72 (1977). *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). "Even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423 (6th Cir. 2009), citing *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

Attorney error amounting to ineffective assistance of counsel can constitute cause to excuse a procedural default. *Murray v. Carrier,* 477 U.S. 478, 488 (1985); *Howard v. Bouchard,* 405 F.3d 459, 478 (6th Cir. 2005); *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999); *Gravley v. Mills,* 87 F.3d 779, 785 (6th Cir. 1996). However, *Murray v. Carrier* also holds that the exhaustion doctrine "generally requires that a claim of ineffective assistance of counsel be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default in federal habeas proceedings." 477 U.S. at 489; *See also Ewing v. McMackin*, 799 F.2d 1143, 1149-50 (6th Cir. 1986). The ineffective assistance claim cannot be presented as cause if it was procedurally defaulted in the state courts, unless one of the standard excuses for that procedural default exists, to wit, actual innocence or cause and prejudice. *Edwards v. Carpenter,* 529 U.S. 446 (2000)*, overruling Carpenter v. Mohr*, C-2-96-447 (S.D. Ohio, 1997), aff'd., 163 F.3d 938 (6th Cir. 1998). Ineffective assistance of counsel on appeal cannot constitute cause for failure to file a timely application for reopening of the direct appeal under Ohio R. App. P. 26(B) since a person is not entitled to counsel for the reopening. *Riggins v. Turner,* No. 95-4027, 1997 WL 144214 (6th Cir. March, 1997).

Ms. Ricks has never filed an application to reopen her appeal with the Court of Appeals, which is the procedure under Ohio law for raising a claim of ineffective assistance of appellate counsel, so she has defaulted on that claim as an excuse for her procedural default in presenting her claims to the Ohio Supreme Court. And she has never filed with the Ohio Supreme Court for a delayed direct appeal. Consequently, her claim of attorney error as cause does not help her in this Court.

Even if she had shown cause, she has not shown prejudice. That is she has not shown that she has claims which there is a reasonable probability would have been accepted for review by the

Ohio Supreme Court and on which she would have prevailed.

There is no need for an evidentiary hearing on Ms. Ricks procedural default claim because she has not proffered any facts she could prove at such a hearing which would excuse her procedural default.

**Objection Relating to Alleged New Evidence**

The Magistrate Judge has already dealt at length in the Supplemental Report and Recommendations (Doc. No. 22) with Ms. Ricks' claim of actual innocence. The additional claim made in the supplementary materials is that the State is somehow responsible for Ms. Castillo's not coming forward for all of these years. No proof whatsoever has been offered of that hypothesis. And if Ms. Castillo is now willing to testify, she should come forward with an affidavit showing what she knows that is relevant to the case and what she knows about why she wasn't available to testify on her daughter's behalf at the time of trial.

**Claims Relating to Delay in Execution of Sentence**

The Magistrate Judge found that any claims by Ms. Ricks related to delay in her incarceration were barred by the statute of limitations in that she waited far more than a year after she knew she was being incarcerated on the old judgment before she filed her Petition (Report and Recommendations, Doc. No. 17, PageID 687-688.)

In her Supplement, she claims that her failure to timely file can be excused by her actual innocence. Actual innocence can excuse failure to timely file. *Souter v. Jones,* 395 F.3d 577 (6th

Cir. 2005). But as argued above and in the Supplemental Report and Recommendations, Ms. Ricks has not presented sufficient credible new evidence of innocence to satisfy the *Schlup* gateway.

Petitioner argues that the State of Ohio should be held to be estopped from enforcing its judgment or that it is precluded from enforcement by laches. All of those arguments, whatever their potential merits, have been waived by Petitioner's delay in presenting them. Petitioner is correct that, so far as the record discloses, she is not responsible for the delay in execution of sentence up to the issuance of the arrest warrant in January, 2007. But she is responsible for all of the delay in filing her habeas corpus petition after that date. Nothing the State has done since then prevented her from filing and she did not do so for more than four years. As to Petitioner's claims relating to her present incarceration, to wit, that it is barred by the State's delay, the problem is not any procedural default in presenting that claim to the state courts or any decision by those courts. Rather, independent of any default in state court, Ms. Ricks failed to comply with the federal statute of limitations for habeas corpus actions.

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and this Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to *proceed in forma pauperis.*

July 10, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).